## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID A. KOPE, | : | |
| | : | CIVIL ACTION NO.: |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| INTERTEK USA, INC., | : | |
| | : | *ELECTRONICALLY FILED* |
| Defendant. | : | |
| | : | |

## COMPLAINT

Plaintiff, David A. Kope, a resident of York County, Pennsylvania, by and through his attorneys, brings this civil action for damages against the above-named Defendant, Intertek USA, Inc., demands a trial by jury, and complains and alleges as follows:

## JURISDICTION AND VENUE

1.     This Complaint alleges illegal discrimination on the basis of Plaintiff's disabilities, in violation of the laws and statutes of the United States of America, specifically, the Americans With Disabilities Act of 1990, as amended by the ADAAA Amendments Act of 2008, 42 U.S.C. §12101, *et seq*. (the "ADA"), as well as pendent state law claims arising under the provisions of the laws of the Commonwealth of Pennsylvania, to wit, the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq*. (the "PHRA").

2.      The jurisdiction of this Court over this Complaint is based upon federal question jurisdiction pursuant to 28 U.S.C. §§1331 and 1343, in that this district court has original jurisdiction of all civil actions arising under the laws of the United States.

3.      The PHRA provides for a private right of action to enforce its provisions.  This Court has, and should exercise, jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4.      Venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this Judicial District, and under 42 U.S.C. §2000e-5(f)(3), in that among other things the unlawful discrimination practices that are the subject of this action were committed in this Judicial District.

5.      Declaratory relief is sought pursuant to 28 U.S.C. §§2201 and 2202.

## THE PARTIES

6.      Plaintiff, David A. Kope ("Mr. Kope"), is an adult individual residing at 1016 East Philadelphia Street, York County, York, Pennsylvania 17403.

7.      At all times relevant to this Complaint, Mr. Kope was an individual with a "disability" as that term is defined under 42 U.S.C. 12102(1)(a) of the ADA.

8.      Defendant Intertek USA, Inc. ("Intertek") is a Louisiana corporation which maintains a business address at 130 Derry Court, York, York County, Pennsylvania 17406.

9.      Intertek is in the business of testing, inspecting and certifying products, and is a Total Quality Assurance provider to industries worldwide.

10.     All times relevant to this Complaint, Intertek employed in excess of five hundred (500) individuals, including Mr. Kope, and therefore Intertek was an employer as defined in the ADA and the PHRA.

## ADMINISTRATIVE PROCEEDINGS

11.     On or about November 11, 2020, Mr. Kope filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), with instructions that the charge be cross-filed with the Pennsylvania Human Relations Commission.

12.     Mr. Kope's charge was docketed by the EEOC as Case No. 530-2021-00620.

13.     Mr. Kope has been advised by the EEOC of his right to sue in federal court by notice dated August 20, 2021.

14.     All necessary and appropriate administrative prerequisites to this action have occurred.

## STATEMENT OF FACTS

15.     Mr. Kope was employed at Defendant's York facility beginning in or about June 1998, and worked for over twenty-two (22) years as a Field Technician until he was terminated on or about October 29, 2020.

16.     During the last year of his employment, Mr. Kope was disabled, as defined in the ADA, due to debilitating back pain, which resulted in two surgeries and greatly affected and limited Mr. Kope's mobility and his ability to lift.

17.     In or about mid-2019, Mr. Kope began to experience extreme back pain.

18.     Mr. Kope requested unpaid leave due to the pain from in or about November 2019 to December 2019 and then proceeded to use paid-time leave until in or about late February 2020.

19.     Mr. Kope was approved for leave under the Family and Medical Leave Act ("FMLA") in or about March 2020 and continued on FMLA leave until it was exhausted on or about May 13, 2020.

20.     Unfortunately, even upon the exhaustion of his FMLA leave, Mr. Kope's doctors had not determined where the pain was coming from within his back.

21.     After multiple x-rays, Mr. Kope's overseeing physician determined that Mr. Kope would require a L4-5 fusion.

22.     Mr. Kope received his first surgery in or about March 2020.

23.     Soon thereafter, Mr. Kope received a second surgery in or about July 2020.

24.     Mr. Kope's short-term disability with Intertek was approved but also exhausted, on or about August 26, 2020, right after his second surgery, and Mr. Kope was still unable to return to his position as a Field Technician.

25.     Mr. Kope submitted a request for long-term disability with Intertek, which was denied. Nonetheless, Intertek did accept Mr. Kope's request for additional unpaid leave as an accommodation, on the condition that Mr. Kope's physician provided the necessary documentation to Intertek no later than October 7, 2020.

26.     On September 24, 2020, Mr. Kope's medical provider prepared a note indicated that Mr. Kope was cleared to return to work without restrictions on October 29, 2020.

27.     Mr. Kope's physician's office contacted Mr. Kope's Human Resources Manager, Sheryll Evans, on September 28, 2020, and specifically told her that Mr. Kope would be able to return October 29, 2020, to full duty without any work restrictions.

28.     Mr. Kope also followed up with Ms. Evans and advised her on or about September 28, 2020, that he would be able to return to work on October 29, 2020, fully duty with no work restrictions.

5

29.    Despite providing notification to Intertek on or about September 28, 2020, indicating that he would be able to return to work without restriction on October 29, 2020, Mr. Kope was terminated on or about October 15, 2020.

30.    Mr. Kope was terminated less than two weeks prior to his full release date, and after both he and his medical provider had given notice to Ms. Evans.

31.    Mr. Kope was discriminated based upon his disability under the ADA due to the actions of his Human Resource Manager and wrongfully terminated on the basis of his disability when Intertek refused to provide an additional two weeks of unpaid leave prior to Mr. Kope's return to work date.

## COUNT I

### VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT DISPARATE TREATMENT AND FAILURE TO ACCOMMODATE

32.    All prior paragraphs are incorporated herein as if set forth fully below.

33.    On or about October 15, 2020, Intertek terminated Mr. Kope because of his disabilities, just two weeks before his unrestricted return to work date.

34.    At the time Mr. Kope was terminated, an additional two weeks of unpaid leave would have been a reasonable accommodation, which Intertek refused.

35.    As a consequence of Intertek's wrongful termination, Mr. Kope was subjected to emotional distress, physical injury, a loss of self-respect and confidence, humiliation, and ridicule, all of which manifested itself in mental and physical distress, injury and damage.

36.     As a consequence of Intertek's wrongful termination, Mr. Kope has incurred, and continues to incur, economic loss and has been subjected to great damage to his career and professional standing.

37.     The actions of Defendant set forth above constitute violations of the ADA.

WHEREFORE, Plaintiff Mr. Kope seeks the damages set forth in the *Ad Damnum* clause of the instant Complaint, *infra*.

## COUNT II

### VIOLATIONS OF THE PHRA
### DISABILITY DISCRIMINATION

38.     All prior paragraphs are incorporated herein as if set forth fully below.

39.     This is an action arising under the provisions of the PHRA and this Court has, and should exercise, pendant jurisdiction over the same because the causes of action complained of in this Count II arise out of the same facts, events, and circumstances as Count I, and therefore judicial economy and fairness to the parties dictate that this Count II be brought in the same Complaint.

40.     By discriminating against Mr. Kope, failing to provide a reasonable accommodation, and terminating Mr. Kope because of his disabilities and in response to his requests for accommodations, Intertek violated the provisions of Title 43 P.S. §955 which prohibit discrimination in the workplace based upon disability.

41.     As more fully set forth in Count I, Mr. Kope has suffered – directly and solely as a result of Intertek's actions – great pecuniary loss, damage and harm.

WHEREFORE, Plaintiff David A. Kope seeks the damages set forth in the *Ad Damnum* clause of the instant Complaint, *infra*.

## *AD DAMNUM* CLAUSE/PRAYER FOR RELIEF

WHEREFORE, Plaintiff, David A. Kope, prays that this Honorable Court enter judgement in his favor against Defendant, Intertek USA, Inc., and that it enter an Order as follows:

a.     Defendant is to be permanently enjoined from allowing discrimination, harassment, and/or retaliation against Plaintiff on the basis of his disabilities, and/or any basis prohibited under applicable federal and state law;

b.     Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of discriminating, harassing and/or retaliating against employees based on their disabilities, and is to be ordered to promulgate an effective policy against such discrimination and to adhere thereto;

c.     Defendant is to compensate Plaintiff, reimburse Plaintiff, and to make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal

actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority.  Plaintiff should be accorded those benefits illegally withheld from the date he first suffered discrimination at the hands of Defendant until the date of verdict;

d.      Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused to him by Defendant's actions;

e.      Plaintiff is to be awarded punitive damages as provided for under the ADA;

f.      Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

g.      Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

h.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal and state law;

i.     Plaintiff is to be granted such additional injunctive or other relief as he may request during the pendency of this action in an effort to ensure Defendant does not engage - or ceases engaging - in illegal retaliation against Plaintiff or other witnesses to this action; and

j.     The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein.

## DEMAND FOR JURY

Pursuant to Federal Rule of Civil Procedure 38(b) and otherwise, Plaintiff respectfully demands a trial by jury.

Date: November 11, 2021                     Respectfully submitted,

**WEISBERG CUMMINGS, P.C.**

*/s/ Larry A. Weisberg*
Larry A. Weisberg  (PA #: 83410)
lweisberg@weisbergcummings.com

*/s/ Derrek W. Cummings*
Derrek W. Cummings PA #: 83286)
dcummings@weisbergcummings.com

*/s/ Steve T. Mahan*
Steve T. Mahan (PA #: 313550)
smahan@weisbergcummings.com

*/s/ Michael J. Bradley*
Michael J. Bradley  (PA #: 329880)
mbradley@weisbergcummings.com

*COUNSEL FOR PLAINTIFF*